# EXHIBIT

# A

**EXHIBIT A**

COPY

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

_Dauphin_ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| 2021 CV 10105 CV |

21 DEC -8 PM 3:42

_The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court._

**SECTION A**

**Commencement of Action:**
- ☑ Complaint
- ☐ Writ of Summons
- ☐ Transfer from Another Jurisdiction
- ☐ Petition
- ☐ Declaration of Taking

Lead Plaintiff's Name: _Nura Ziadeh_

Lead Defendant's Name: _Walmart, Inc, et.al._

Are money damages requested? ☑ Yes  ☐ No

Dollar Amount Requested: (check one)
- ☐ within arbitration limits
- ☑ outside arbitration limits

Is this a _Class Action Suit_?  ☐ Yes  ☑ No

Is this an _MDJ Appeal_?  ☐ Yes  ☑ No

Name of Plaintiff/Appellant's Attorney: _Roger R. Laguna, Jr._

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☑ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other

- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other

- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other

- ☐ Zoning Board
- ☐ Other: _____

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other: _____

_Updated 1/1/2011_

COMMONWEALTH OF PENNSYLVANIA
COURT OF COMMON PLEAS
DAUPHIN COUNTY, PENNSYLVANIA

2021 DEC -8  PM 3:42

| | | |
|---|---|---|
| NURA A. ZIADEH,<br>        Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | NO. 2021 CV 10105 CV |
| WALMART INC., A/K/A<br>SAM'S EAST, INC., D/B/A<br>SAM'S CLUB STORE NO. 8175<br>        Defendant, | §<br>§<br>§<br>§ | CIVIL ACTION - LAW<br>JURY TRIAL DEMANDED |

## NOTICE TO DEFEND

You have been sued in court.  If you wish to defend against the claims set forth in the  following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights importation to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE AN LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW.   THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING  A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

## COMMONWEALTH OF PENNSYLVANIA
## COURT OF COMMON PLEAS
## DAUPHIN COUNTY, PENNSYLVANIA

NURA A. ZIADEH,                    §
    Plaintiff,                 §
                               §
    v.                         §       NO. 2021 CV 10105 CV
                               §
WALMART INC., A/K/A                §
SAM'S EAST, INC., D/B/A            §
SAM'S CLUB STORE NO. 8175         §       CIVIL ACTION - LAW
    Defendant,                 §       JURY TRIAL DEMANDED

### AVISO

USTED HA SIDO DEMANDADO/A EN CORTE. Si usted desea defenderse de las demandas que se presentan más adelante en las siguientes páginas, debe tomar acción dentro de los próximos veinte (20) días después de la notificación de esta Demanda y Aviso radicando personalmente o por medio de un abogado una comparecencia escrita y radicando en la Corte por escrito sus defensas de, y objecciones a, las demandas presentadas aquí en contra suya. Se le advierte que si usted falla de tomar acción como se describe anteriormente, el caso puede proceder sin usted y un fallo por cualquier suma de dinero reclamada en la demanda o cualquier otra reclamación o remedio solicitado por el demandante puede ser dictado en contra suya por la Corte sin más aviso adicional. Usted puede perder dinero o propiedad u otros derechos importantes para usted.

**USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION ACERCA DE COMO CONSEGUIR UN ABOGADO.**

**SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CALIFICAN.**

DAUPHIN COUNTY LAWYER REFERRAL SERVICE
213 North Front Street
Harrisburg, PA 17101
(717) 232-7536

RECEIVED
OFFICE OF
PROTHONOTARY

'21 DEC -8 PM 3:42

DAUPHIN COUNTY

LAGUNA REYES MALONEY, LLP
1119 NORTH FRONT STREET, HARRISBURG, PA 17102
TEL.: (717) 233-5292 / FAX: (717) 233-5394
LRM.OFFICEDIRECT@GMAIL.COM
ATTORNEYS FOR PLAINTIFF

**COMMONWEALTH OF PENNSYLVANIA**
**COURT OF COMMON PLEAS**
**DAUPHIN COUNTY, PENNSYLVANIA**

| | | |
|---|---|---|
| **NURA A. ZIADEH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **NO.** 2021 CV 10105 CV |
| | § | |
| **WALMART INC., A/K/A** | § | |
| **SAM'S EAST, INC., D/B/A** | § | |
| **SAM'S CLUB STORE NO. 8175** | § | **CIVIL ACTION - LAW** |
| **Defendant,** | § | **JURY TRIAL DEMANDED** |

## COMPLAINT

**AND NOW**, comes the Plaintiff, Nura A. Ziadeh, by and through her

attorneys, Laguna Reyes Maloney, LLP, and represents as follows:

1.    The Plaintiff, Nura A. Ziadeh, is an adult individual currently residing

      at 1601 Colonial Rd., Harrisburg, Dauphin County, Pennsylvania

17112.

2.   The Defendant is Sam's East, Inc. (doing business as Sam's Club), owned and operated by Walmart, Inc., with regular place of business at all times pertinent to this Complaint at 6781 Grayson Rd., Harrisburg, Dauphin County, PA 17111.

3.   At all times relevant hereto, Defendant owned, operated, promoted, managed, supervised, maintained, advertised and regularly conducted business with the public in the Commonwealth, including members, their guests and Defendant's invitees at and within its premises and property also known as Sam's Club Store No. 8175, at 6781 Grayson Rd., Harrisburg, Dauphin County, PA 17111. (Hereinafter the "Store")

4.   At all times relevant hereto, Defendant was in exclusive possession, management, and control of the Store individually, and through its employees and agents who were acting within the course and scope of their employment by Defendant and in furtherance of Defendant's business at the Store.

5.   The occurrences and injuries hereinafter alleged took place on or about May 20, 2020, at approximately 11:00 a.m., within the Store, between isles of product displays created by Defendant to attract the attention of the guests who moved along certain pathways likewise created to direct those guests throughout the Store to purchase

merchandise from the displays.

6.   As Plaintiff moved within the Store and observed the various displayed merchandise, she unexpectedly encountered a heavy wooden object which had been placed out of view on the floor and in her path by Defendant.

7.   Plaintiff reasonably believes and avers that the said object was approximately four (4) inches high by four (4) feet square, and looked like a so-called pallet used by the Store as a base to support the weight of its merchandise on display and while being moved within the Store by its employees.

8.   Plaintiff states that the object had been placed below and outside of her line of sight so that her encounter with it was unexpected and could not have been reasonably anticipated or avoided despite her exercising reasonable diligence under the circumstances.

9.   Plaintiff states that her unexpected encounter with the object caused her to fall without any warning or opportunity to protect herself or soften her impact with the Store's polished concrete floor.

10.   As a result of the fall and impact with the Store's concrete floor, Plaintiff sustained serious personal injuries to her head when it struck the concrete floor; also her neck and shoulder.

11.   As a result, emergency medical services were called to the Store via

an emergency 911 call; they rendered first aid to Plaintiff as she lay injured on the floor, stabilized and eventually transported Plaintiff to the hospital where she received emergency care and was then admitted as a patient for prolonged care of her injuries.

12. The Plaintiff's described fall within the Store and said personal injuries were directly, proximately, and solely caused by the Defendant's alleged conduct which was negligent, careless, and reckless under these particular circumstances because the Defendant breached its duty of care when it did/or failed to do the following:

    a.    Knowingly and intentionally caused or permitted the aforementioned object to be placed in the Store in the location and manner described above when doing so obviously posed a predictable and unreasonable risk of injury to Plaintiff and other guests and invitees like her;

    b.    Failed to exercise reasonable care to protect Plaintiff and other guests from this object which the Defendant knew, or should have known, it had intentionally done this act which created a dangerous conditions for the guests in the Store under these circumstances;

    c.    Defendant knew or should have known that the various attention arresters and/or distracting advertisements displays

and signs that were intentionally placed in the Store to distract and redirect their attention to displayed merchandise would subject the guests to unreasonable risk of harm from the said object despite the fact that the danger may have been otherwise known or obvious but for the distractions;

d.   Failed to post/place markings around the aforementioned object which would have easily revealed its existence and reasonably alerted the guests to beware of it or to look out for the dangerous condition;

e.   Failed to use low cost safety measures that are well-known within the retail store industry which have been long recognized as being reasonable and prudent in these circumstances to prevent the predictable danger and harm caused by the Store;

f.   Allowed the aforementioned object to remain in a dangerous and unsafe location unguarded or supervised by the Store;

g.   Failed to promptly, properly, and adequately maintain and clear the Store isles and pathways of the dangerous object in order to reasonably accommodate the Plaintiff and other guests so they could safely ambulate;

h.   Failed to give reasonable warning to the Plaintiff and other guests of the location and/or presence of the dangerous

condition posed by the said object, or take any other reasonable safety precaution to prevent the Plaintiff's injury which, under the circumstances, was predictable; and

i.    Failed to exercise the requisite degree of care owed to the Plaintiff in this Commonwealth as she was invited into the Store to shop and purchase its merchandise.

13.    Solely as a result of Defendant's said negligence, carelessness, and recklessness, Plaintiff sustained serious injuries to her head, neck, shoulders and eyesight.

14.    The Plaintiff believes and therefore avers that some or all of her injuries are or may be permanent in nature or effect.

15.    Solely as a result of Defendant's negligence, carelessness, and recklessness, Plaintiff has and will in the future be obliged to expend monies for medicine and medical care in order to treat and help cure her injuries.

16.    Solely as a result of Defendant's negligence, carelessness, and recklessness, Plaintiff has and will in the future be unable to attend to her usual and daily duties and employment, to her financial detriment and loss.

17.    Solely as a result of Defendant's negligence, carelessness, and recklessness, Plaintiff has suffered serious physical injuries to her

head/brain, neck and shoulder, damage to her eyesight, ongoing and constant pain, mental anguish, humiliation, inconvenience, and the loss of ability to enjoy life and life's pleasures.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant for compensatory and punitive damages in an amount in excess of that requiring mandatory arbitration, plus costs of this suit, and any other relief that the Honorable Court deems just and proper.

Respectfully submitted:

Roger R. Laguna Jr., Esquire
Supreme Court I.D. No. 75900
Attorney for the Plaintiff

LAGUNA REYES MALONEY, LLP
1119 North Front Street
Harrisburg, PA 17102
(717) 233-5292

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the *Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Roger R. Laguna, Jr., Esquire
Supreme Court I.D. No.: 75900

## VERIFICATION

I verify that the statements made in the foregoing Complaint are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa.C.S. Section 4904 relating to unsworn falsification to authorities.

_____
Nura A. Ziadeh, Plaintiff