## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NURA ZIADEH,             :    Civil No. 1:22-CV-00094
                              :
        Plaintiff,         :
                              :
        v.               :
                              :
WALMART INC. A/K/A SAM'S EAST :
INC. D/B/A SAM'S CLUB STORE NO. :
8175,                          :
                              :
        Defendant.        :"   Judge Jennifer P. Wilson

## <u>MEMORANDUM</u>

Before the court is the motion for summary judgment filed by Defendant Walmart Inc. a/k/a Sam's East, Inc. d/b/a Sam's Club Store No. 8175 ("Sam's Club") arguing there are no genuine issues of material fact, and Plaintiff Nura Ziadeh ("Ziadeh") fails to produce sufficient evidence to support her claims.  (Doc. 23.)  This case arises from Ziadeh falling in Sam's Club.  For the reasons that follow, the court will grant the motion.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On the morning of May 20, 2022, Ziadeh and her husband went to the Sam's Club store located in Harrisburg, Pennsylvania.  (Doc. 23-1, ¶ 3.) The couple was shopping for towels in the towel aisle, which was a narrower aisle than neighboring aisles.  (Doc. 23-4, p. 18.)[1]  Mrs. Ziadeh was feeling the material of

---

[1] As Ziadeh disputes the facts as recounted by Sam's Club, the court will cite to the record, largely Ziadeh's own deposition, in order to state the undisputed facts.  As further explained

some of the towels on the shelf and then started walking down the aisle, toward the larger middle aisle, to see more merchandise.  (*Id.*)  While walking down the aisle, Mrs. Ziadeh suddenly fell to the ground.[2]  (*Id.*)  Mrs. Ziadeh is unsure of what she hit, but "something" hit her leg and she fell to the ground.  (*Id.* at 19.)  While lying on the ground, Ziadeh noticed a wooden object on the floor that was maybe one to two meters long.[3]  (*Id.*)  Ziadeh further testified that a pallet was in front of her while she was walking, directly in the middle of the aisle.  (*Id.*at 20.)  As a result of her fall, Ziadeh suffered injuries to her head, neck, and eyesight.  (*Id.* at 25, 26.)

---

below, the court finds that although Ziadeh "disputes" many facts, these facts are either misunderstood by Ziadeh or not material to the resolution of the motion.  The court will note Ziadeh's disagreements with the facts recounted by Sam's Club.  Further, for ease of reference, the court utilizes the page numbers contained in the CM/ECF header.

[2] Ziadeh argues that Sam's Club attempts to place Mrs. Ziadeh further down the aisle than what her deposition testimony reflects by stating that she fell over a "large" pallet.  However, after review of the transcript, the court finds that Mrs. Ziadeh testified that she was walking down the small aisle to the big aisle when something struck her leg and she fell.  (Doc. 23-4, p. 18.)

[3]In her counterstatement of facts, by inserting language into defendant's counsel's question that does not appear in the deposition transcript, Ziadeh argues that this description of the wooden object being "maybe one to two meters long" was actually her description of the object in the photos she was being shown at the time of her deposition.  However, after review of the deposition transcript, it is clear that Sam's Club's counsel was questioning Ziadeh regarding the object that she saw on the ground after she fell and then asked Ziadeh to estimate the size of that object.  Ziadeh responded that it was maybe one to two meters long.  (Doc. 23-4, p. 19.)  Further, at the time of this answer, Ziadeh was not looking at any photos.  Sam's Club's counsel did not show Ziadeh photos until later in the deposition at page 21 of Doc. 24-3.  Finally, Ziadeh's reliance on her complaint for the true size of the object that she ran into is unavailing, as there is clear deposition testimony, made under oath, where she estimates the size of the object she saw while lying on the floor immediately after she fell.  *United States ex rel. Doe v. Heart Solution, PC*, 923 F.3d 308, 315 (3d Cir. 2019) (statements not given under penalty of perjury are not able to create a genuine issue of material fact for summary judgment purposes.)

Sam's Club provided photographs of a wooden pallet with first aid supplies on it, which Sam's Club contends is the object that caused Ziadeh to fall.  (*Id.* at 45–49; Doc. 23-1, ¶ 14.)  These photographs show a wooden pallet near a support beam, which appears to take up about half of the aisle.  It appears to be located near the end of the aisle, towards an intersecting aisle.  The pallet has one box on it and various cleaning supplies.  Further, there is a blood stain on the floor and what appears to be either toilet paper or paper towels that also have blood on them. Sam's Club also provides a photograph which Ziadeh produced in discovery, which appears to show the same pallet, but from a different angle.  Ziadeh contends that these photos show a nearby pallet used to hold first aid supplies after Ziadeh fell, but that it is a different pallet than the one that she tripped on.  (Doc. 26, p. 2.)

Ziadeh initiated this action in the Dauphin County Court of Common Pleas on December 8, 2021, alleging that Sam's Club was liable in negligence for the injuries Ziadeh suffered.  (Doc. 1-1.)  Sam's Club moved to remove the suit to federal court on January 19, 2022.  Sam's Club filed the instant motion on March 31, 2023.  (Doc. 23.)  Ziadeh filed her brief in opposition on April 20, 2023.  (Doc.

26.)  Sam's Club filed a reply brief on May 3, 2023.  (Doc. 29.)  Accordingly, the

motion for summary judgment is ripe for disposition.[4]

## JURISDICTION AND VENUE

This case was properly removed to this court pursuant to 28 U.S.C.

§ 1441(a).  The court has diversity jurisdiction in this case pursuant to 28 U.S.C.

§ 1332 because the amount in controversy exceeds $75,000 and there is complete

diversity of citizenship.  Venue is proper under 28 U.S.C. § 1391 because all of the

acts or omissions in this case occurred in Harrisburg, Pennsylvania, which is

within the Middle District of Pennsylvania.

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is

not precluded by "[f]actual disputes that are irrelevant or unnecessary."  *Id.*  "A

dispute is genuine if a reasonable trier-of-fact could find in favor of the

nonmovant' and 'material if it could affect the outcome of the case."  *Thomas v.*

---

[4] After the close of fact discovery and after the motion for summary judgment was fully ripe for disposition, on May 22, 2023, through May 31, 2023, the parties had a discovery dispute regarding a surveillance video of the alleged incident.  (Docs. 33–39.)  This video has not been provided to the court for review in connection with the instant motion.

*Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or

suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## DISCUSSION

Sam's Club argues that there are no genuine disputes of material fact, and Ziadeh is unable to provide facts supporting her claim because she failed to avoid an open and obvious condition. (Doc. 24 at 9.) Ziadeh argues that there are disputed issues of material fact regarding which pallet she tripped on and whether she was subjectively aware that whatever she tripped on was an open and obvious danger. (Doc. 26, p. 7–9.)

Before deciding whether Sam's Club is entitled to judgment as a matter of law, the court must address the issue of what Ziadeh tripped over. Sam's Club

contends that it is the pallet depicted in the pictures that they and Mr. Ziadeh provided.  (Doc. 23-1, ¶ 14.)  In her deposition, Ziadeh never clearly articulates what tripped her, but she does describe a wooden pallet, about one to two meters in length, in the area where she fell.  (Doc. 23-4, p. 18.)  Mr. Ziadeh, in the affidavit prepared after Sam's Club's motion for summary judgment was filed, stated the following:

> When we were taking care of Nura, there was a wooden pallet close to where she laid.  That pallet was completely empty at that time.  I then noticed that it had been partly hidden behind a large support beam; the edge had been sticking out a little bit past the bottom of the beam.  The edge was hard to see because the beam hid it and there were shadows caused by the bright lights above the items on the shelves above it, and the glare on the shiny floor.  This is what injured Nura.

Doc. 25-1, p. 159.[5]  Mr. Ziadeh continues:

> They put supplies and blood cleaner on a pallet nearby after they got there to help Nura.  This pallet was pushed out toward the larger main aisle after Nura had fallen so we could get close to her on both sides.  All of the picture of the pallet are all taken after it was pushed away and things were put on top of it.  The store employees said they have video tape of all of this but they have not shown it to us yet.

*Id.*

---

[5] In its reply brief, Sam's Club argues that the court must disregard this affidavit because it was not produced during fact discovery nor corroborated through deposition testimony, making it inadmissible hearsay.  (Doc. 29, p. 3.)  At summary judgment, the court may consider hearsay evidence if it could be testified to at trial.  *J.F. Feeser, Inc. v. Serv-A-Portion, Inc.*, 909 F.2d 1524, 1542 (3d Cir. 1990).  There is no apparent reason from the record why Mr. Ziadeh could not testify to his eye-witness account of the accident at trial.  Accordingly, the court can consider Mr. Ziadeh's affidavit on this basis.

In her brief in opposition, Mrs. Ziadeh's attorney contends that Ziadeh tripped over the smaller pallet in the smaller aisle, which was partially obscured behind a support beam.  (Doc. 26, p. 7.)

While Mr. Ziadeh and Mrs. Ziadeh's attorney point to some other pallet as the one that Mrs. Ziadeh fell over, there has been only one pallet identified in the record.  The pictures provided by Sam's Club show one pallet close to a support beam with various first aid and cleaning supplies on top of it.  This is consistent with all accounts of the accident, including Mrs. Ziadeh's deposition and Mr. Ziadeh's affidavit.  Accordingly, there has been one pallet identified as the one Mrs. Ziadeh tripped over.  Speculations, without proof, of another pallet which supposedly caused Mrs. Ziadeh to fall are insufficient to create a genuine issue of material fact to overcome a motion for summary judgment.  *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288–89 (3d Cir. 2018).  Thus, there are no genuine disputes of material fact regarding which pallet was involved in Mrs. Ziadeh's fall, and the court will now consider whether Sam's Club is liable under a theory of negligence for her injuries.

To recover on a theory of negligence in a premises liability action under Pennsylvania law, the plaintiff must prove the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages."  *Est. of*

*Swift v. Ne. Hosp. of Phila.*, 690 A.2d 719, 711 (Pa. Super. Ct. 1997).  The duty

that a landowner owes to someone entering their land "depends upon whether the

person entering is a trespasser, licensee, or invitee."  *Carrender v. Fitterer*, 469

A.2d 120, 123 (Pa. 1983).  The parties agree that Ziadeh was a business invitee.  A

possessor of land will be liable for injuries to their invitees for conditions on the

land which are known or discoverable only if the possessor:

> (a) knows or by the exercise of reasonable care would discover the
> condition, and should realize that it involves an unreasonable risk of
> harm to such invitee, and (b) should expect that they will not discover
> or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

*Swift*, 690 A.2d at 711 (incorporating RESTATEMENT (SECOND) OF TORTS § 343

(AM. L. INST. 1965.)

At issue here is whether the pallet tripped Ziadeh on was an open and

obvious danger, such that she would not have realized the danger and would fail to

protect herself from it.  Section 343A of the RESTATEMENT (SECOND) OF TORTS

provides "[a] possessor of land is not liable to his invitees for physical harm caused

to them by any activity or condition on the land whose danger is known or obvious

to them, unless the possessor should anticipate the harm despite such knowledge or

obviousness."  The comments to § 343A provide further guidance, specifically

comment (b) provides:

> The word "known" denotes not only knowledge of the existence of the
> condition or activity itself, but also appreciation of the danger it

involves. Thus the condition or activity must not only be known to exist, but it must also be recognized that it is dangerous, and the probability and gravity of the threatened harm must be appreciated. "Obvious" means that both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment.

*Id.* § 343A cmt. b.

The Restatement also provides:

In the ordinary case, an invitee who enters land is entitled to nothing more than knowledge of the conditions and dangers he will encounter if he comes. If he knows the actual conditions, and the activities carried on, and the dangers involved in either, he is free to make an intelligent choice as to whether the advantage to be gained is sufficient to justify him in incurring the risk by entering or remaining on the land. The possessor of the land may reasonably assume that he will protect himself by the exercise of ordinary care, or that he will voluntarily assume the risk of harm if he does not succeed in doing so. Reasonable care on the part of the possessor therefore does not ordinarily require precautions, or even warning, against dangers which are known to the visitor, or so obvious to him that he may be expected to discover them.

*Id.* § 343A cmt. e.

Sam's Club analogizes this case to three cases in which the respective courts held that a plaintiff does not need subjective knowledge of a danger in order to relieve defendant of liability of injuries arising from the danger. (Doc. 24, pp. 8–11.) First, Sam's Club points to *Moknach v. Presque Isle Downs, Inc.*, 85 Fed. App'x. 555, 556 (3d Cir. 2021), in which the Third Circuit affirmed the district court's order granting summary judgment in favor of defendant where plaintiff

sustained injuries from running into a sign that was "several feet in length and at least 12 inches high" on a darkened patio. *Id.* at 557.  The Third Circuit explained:

> Despite some similarities, the "open and obvious" danger doctrine on which the [defendant] relies is separate from the assumption-of-risk defense.   "Unlike assumption of the risk, which requires actual subjective knowledge, the inquiry into whether a danger is open and obvious is an objective one" that is "not dependent upon the actual knowledge of the [injured party] or [her] awareness of the danger."

*Id.* (quoting *Spowal v. ITW Food Equip. Grp. LLC*, 943 F. Supp. 2d 550, 559 (W.D. Pa. 2013).

Second, Sam's Club relies on two district court cases, *Graham v. Moran Foods, Inc.*, No. 11-239, 2012 WL 1809622 (E.D. Pa. May 18, 2012) and *Pickett v. Target Corp.*, No. 3:20-cv-237, 2021 WL 5162330 (M.D. Pa. Nov. 5, 2021), in which the respective courts granted summary judgment in favor of defendant utilizing an objective standard and determining that a reasonable person, exercising normal perception, would have observed the respective danger in each case. *Graham*, 2021 WL 1809622 at *4 (plaintiff tripped over a pallet she had previously walked by in a grocery store, and defendant was not liable because "a reasonable person in [p]laintiff's position, exercising normal perception, would have observed the pallet and merchandise and the potential tripping hazard they created."); *Pickett*, 2021 WL 5162330 (defendant not liable for injuries sustained from open and obvious danger of toy in the aisle because it was "over one foot

long, multi-colored, and laid in an area of the store that was well-lit and free of debris.").

Ziadeh distinguishes these cases by asserting that, in each case, the plaintiff was aware of the object that caused them to fall. (Doc. 26, p. 8.) Ziadeh further relies on *Perotti v. Festival Fun Parks, LLC*, No. 2:19-cv-1176, 2021 WL 3173463 (W.D. Pa. July 27, 2021), which denied a defendant's motion for summary judgment where plaintiff sustained injuries from tripping on a six-inch diameter hole in the ground because she was not paying attention and did not recognize the danger of the hole. *Id.* at *2. The court held that "based on the record before the [c]ourt and, specifically, the descriptions of the hole, the [c]ourt holds that an issue of material fact remains such that reasonable minds could differ as to whether the hold was open and obvious and whether, in fact, Perotti was careless." *Id.*

Having carefully considered the record and arguments presented, the court concludes that the pallet was an open and obvious danger such that Sam's Club is not liable for Ziadeh's injuries. Ziadeh testified that the pallet at issue was one to two meters in length. The pictures provided by Sam's Club and Ziadeh confirm this. The pictures depict a large wooden pallet that takes up approximately half of the aisle. While Ziadeh contends that the pallet was hidden from view due to a support beam, the pictures show that, even if the pallet had originally been positioned behind the support beam, a substantial portion of the pallet would still

12

be visible based on the size of the pallet and the support beam.  A reasonable person, in the position of Ziadeh, exercising ordinary perception, intelligence, and judgment would apprehend the danger that a one- to two-meter-long wooden pallet poses in a store aisle.

Moreover, the court finds that subjective apprehension of the danger is not required.  Initially, the court notes the use of the word "or" in Restatement § 343A.  From a plain reading of the section, the danger must be subjectively known to be dangerous *or* objectively obviously dangerous, not both.  The court appreciates that there are decisions which have required both a subjective and objective apprehension of the danger associated with a certain condition.  However, as explained in *Moknach*, the court concludes that these cases are addressing the differing requirements of establishing a defendant's duty of care and the assumption of risk doctrine, which serves to absolve a defendant of liability due to the plaintiff's conduct after their duty of care has already been established.  *See also Berman v. Radnor Rolls, Inc.*, 542 A.2d 525, 531 (Pa. Super. Ct. 1988).  Here, we have found that Sam's Club owed no duty to Ziadeh because the pallet was an objectively obvious danger.  No party argues the assumption of risk doctrine in this summary judgment context, so her subjective apprehension of the danger of the pallet, under these facts, is not relevant.

Further, Ziadeh testified that she has been to the Sam's Club store before and goes to the store every one to two weeks.  (Doc. 23-4, p. 17.)  Accordingly, Ziadeh was familiar with the conditions of the Sam's Club store and the dangers involved with those conditions.  RESTATEMENT (SECOND) OF TORTS § 343 cmt. e. Absent evidence that the pallet was in an unusually dangerous condition, Sam's Club was entitled to rely on the assumption that Ziadeh would employ ordinary care to protect herself from those harms.  *Id.*  As such, Sam's Club is not liable for Ziadeh's fall over the obvious pallet, which reasonable minds entering a warehouse store would expect to encounter.  Therefore, the court will grant Sam's Club's motion for summary judgment.

<div align="center">CONCLUSION</div>

The motion for summary judgment filed by Defendant Sam's Club will be granted and judgment will be entered in its favor.  An appropriate order follows.

<div style="margin-left:50%">
s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania
</div>

Dated: January 2, 2024